**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 20, 2017

LETTER TO COUNSEL

      RE:    *David Lee Brown, Jr. v. Commissioner, Social Security Administration*;
               Civil No. SAG-16-501

Dear Counsel:

On February 22, 2016, Plaintiff David Lee Brown, Jr. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 16, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Brown filed his claim for benefits in May of 2012, alleging a disability onset date of January 2, 2003. (Tr. 134-42). His claim was denied initially and on reconsideration. (Tr. 67-76, 78-88). A hearing was held on July 11, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 24-65). Following the hearing, the ALJ determined that Mr. Brown was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 6-22). The Appeals Council denied Mr. Brown's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Brown suffered from the severe impairments of "borderline IQ, attention deficit hyperactivity disorder, bipolar disorder and depression." (Tr. 11). Despite these impairments, the ALJ determined that Mr. Brown retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he is able to perform routine, repetitive, simple tasks with occasional interaction with coworkers, supervisors and the public. He would need to be in positions where he would not be required to set goals or make plans independently.

*David Lee Brown, Jr.  v. Commissioner, Social Security Administration*
Civil No. SAG-16-501
January 20, 2017

(Tr. 14).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Brown could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 17-18).

Mr. Brown raises several arguments on appeal.  Although many of his arguments fail, I find remand to be warranted on two grounds: the ALJ's failure to address Mr. Brown's visual deficits and the ALJ's failure to comply with the dictates of *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015).  In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Brown was not entitled to benefits is correct or incorrect.

Turning briefly to some of the unsuccessful arguments, I am not persuaded that the ALJ conducted an insufficient analysis of the mental health Listings.  The ALJ engaged in the required analysis of each functional area and cited to record evidence in support of his conclusions. (Tr. 12).  In addition, the ALJ provided a thorough explanation of his evaluation of the evidence regarding Mr. Brown's IQ.  (Tr. 13-14).  Mr. Brown's arguments about the inadequacy of the Listing analysis focus on the weight the ALJ assigned to certain pieces of evidence over other pieces of evidence.  That inquiry is not permissible, since this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I am also not convinced that the ALJ erred in his evaluation of Mr. Brown's seizures or his alleged intellectual disability.  As noted above, the ALJ provided an extensive analysis of Mr. Brown's IQ scores, citing to substantial evidence in support of his conclusions.  As to the seizures, the ALJ acknowledged Mr. Brown's testimony that he suffered from seizures (Tr. 14), but noted that he was receiving no treatment and that objective testing failed to demonstrate any signs of seizure disorder. (Tr. 15).  Accordingly, both alleged impairments were considered fully by the ALJ.

I am equally unpersuaded that the ALJ erred by failing to consider a prior award of Childhood SSI benefits to Mr. Brown.  The record contains contradictory information as to whether Mr. Brown ever received Children's SSI – agency records seem to indicate that Mr. Brown's prior applications for benefits were denied, while Mr. Brown contends that they were granted.  *Compare* (Tr. 149) *with* (Tr. 109-111).  Even if Mr. Brown were to produce evidence to substantiate a previous award of benefits, because the standard for Children's SSI is entirely different from that applicable to adult SSI, it is unclear that a prior award of Children's SSI would have or should have any meaningful effect on the ALJ's analysis in this case.

Finally, Mr. Brown's arguments about the weight assigned to various medical sources and to the propriety of the hypothetical posed to the VE all ask this Court to reweigh the evidence of record and second guess the ALJ's conclusions.  As noted above, that type of analysis is precluded.

However, Mr. Brown correctly contends that the ALJ failed to address his documented visual deficits.  *See, e.g.,* (Tr. 236-37) (pediatrician report noting blindness in one eye and

amblyopia).  Mr. Brown testified at the hearing about his visual difficulties, (Tr. 34-35), and his inability to drive as a result of his visual issues,  (Tr. 45-46).  Despite the documented diagnosis and the hearing testimony, the ALJ did not address Mr. Brown's visual problems at all, either to determine that the visual issues would have little to no impact on Mr. Brown's ability to work or to find limitations that might be appropriate for a person with visual/spatial issues, such as a restriction on operating heavy machinery or working at significant heights.  In the absence of any mention of Mr. Brown's visual impairments, I am unable to find the error harmless, and remand is therefore warranted.

I also find that the ALJ's analysis runs afoul of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).  The ALJ in this case made a finding of "moderate difficulties" in the area of concentration, persistence, and pace, stating in relevant part that, "Dr. Gambles noted that the claimant's concentration problems are mild and can be managed but he has difficulty with following complex instructions." (Tr. 12) (citation omitted).  The ALJ did not discuss any issues with Mr. Brown's ability to sustain work throughout an eight-hour workday.  Later in the opinion, the ALJ assigned "great weight" to the opinion of non-examining State agency physician L. Payne, Ph.D., who opined that Mr. Brown would have moderate limitations in "maintaining attention and concentration for extended periods[.]"  (Tr. 16).  In light of the lack of any discussion of Mr. Brown's ability to sustain work, and the lack of any limitations in the RFC assessment to address Mr. Brown's moderate difficulty in concentration, persistence, and pace, remand is required.  *See Mascio,* 780 F.3d at 638 (noting that the Fourth Circuit "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.") (internal citations and quotation marks omitted).

**CONCLUSION**

For the reasons set forth herein, Mr. Brown's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge